# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1370V

| | |
|---|---|
| JOSEPHINE FEITEL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 6, 2024 |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION ON ATTORNEY'S FEES AND COSTS**[1]

　　　　On May 18, 2021, Josephine Feitel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") resulting from an influenza vaccine on December 10, 2019. Petition at 1. On March 13, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $21,801.20 (representing $26,354.95 for fees and $1,178.65 for costs). Petitioner's Application for Attorneys' Fees, filed Apr. 22, 2024, ECF No. 44. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion the same day, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, filed Apr. 22, 2024, ECF No. 45. Petitioner filed no reply.

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2024 attorney hourly rates as follows: $400 for work performed by Laura Levenberg - representing a rate increase of $25. ECF No. 44 at 19. Additionally, Petitioner requests hourly rates ranging from $140 to $177 for paralegal work. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested.

I also note this case required additional briefing and argument regarding the issue of damages. *See* Status Report, filed Mar. 8, 2023, ECF No. 33 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Apr. 13, 2023, ECF No. 36; Petitioner's Reply to Respondent's Response to Brief in Support of Damages, filed June 16, 2023, ECF No. 38. Petitioner's counsel expended approximately 14.7 hours drafting the damages brief and 6.3 hours drafting the responsive damages brief, totaling 21.0 hours. ECF No. 44 at 18-19. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 44 at 20-38. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $26,354.95 (representing $25,176.30 for fees and $1,178.65 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Laura Levenberg.** In the

2

absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.